IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frederick Fortner, | C/A No. 2:15-CV-4762-RMG-MGB |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION OF MAGISTRATE JUDGE |
| College of Charleston, Warren Wurscher, and John A. Cordray, | |
| Defendants. | |

This matter is before the court on the Defendants College of Charleston ("the College") and John A. Cordray's Motion For Partial Dismissal Pursuant to the Doctrine of Sovereign Immunity and Rule 12(b)(6). (Dkt. No. 17.) In his Complaint, the Plaintiff alleges that he was subject to a hostile work environment and was denied promotion and retaliated against because he made complaints regarding the hostile work environment. (Dkt No. 1.) Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge.

**Alleged Facts**

The Plaintiff is a black male and an employee of the College. (Dkt. No. 1 ¶¶ 21-22.) The Plaintiff was hired on December 1, 2008, as a Utilities Plant Operator in the Department of Central Energy. (*Id.* ¶¶ 22-23.) Defendant Warren Wurscher was the Plant Manager and the Plaintiff's immediate supervisor. (*Id.* ¶¶ 24, 28.) Defendant John A. Cordray was the Director of the Physical Plant. (*Id.* ¶25.) Starting in 2011, Defendant Wurscher allegedly began making racially inappropriate remarks including the use of the n-word. (*Id.* ¶¶ 30-35.) Defendant Wurscher allegedly drew an inappropriate picture of an African American electrician during

working hours, which was witnessed by the Plaintiff. (*Id.* ¶ 32.) The Plaintiff reported Defendant Wurscher's acts to management with no results. (*Id.* ¶33.)

The Plaintiff received positive reviews for his work performance. (*Id.* ¶36.) The Plaintiff alleges that as a result of the Plaintiff's complaints about the hostile work environment, an individual named Mr. Manuelian began making false accusations against the Plaintiff to Defendant Wurscher. (*Id.* ¶¶ 39-43.) In October of 2013, the Plaintiff submitted a complaint regarding the alleged hostile work environment to the Director of Engineering and Office of Human Relations and Minority Affairs at the College of Charleston. (*Id.* ¶ 44.) The college did not take any actions. (*Id.*¶48.)

In July of 2014, the Plaintiff reported an individual for making fat jokes and was screamed at by Defendant Wurscher. (*Id.*¶ 49.) The Plaintiff reported the incident to the Office of Human Relations and Minority Affairs. (*Id*. ¶ 50.) The Office of Human Relations and Minority Affairs allegedly conducted an investigation of the incident. (*Id.* ¶ 51.)

The Plaintiff alleges that Defendant Wurscher repeatedly harassed the Plaintiff to take another position. (*Id.* ¶ 52.) The Plaintiff then received a performance evaluation on January 11, 2015, that was poorer than he expected. (*Id.* ¶¶ 53-54.) The Plaintiff reported the evaluation to the College, but nothing was done. (*Id.* ¶¶ 55-56.) Defendant Wurscher was aware of the complaints by the Plaintiff. (*Id.* ¶ 57.)

In late 2014 or early 2015, the Plaintiff applied for a promotion to Trades Specialist IV. (*Id.* ¶ 58.) The Plaintiff's interview was sabotaged by the Plant Manager. (*Id.* ¶ 60.) The Plaintiff alleges that he was the most qualified applicant for the position, but the position was given to a white male with less experience and less licensure. (*Id.* ¶¶ 61-62.) The Plaintiff submitted a complaint to the college for discrimination and retaliation, but it was not addressed.

(*Id.*¶¶ 63-64.) The Plaintiff alleges that his failure to get the promotion was in retaliation for his complaints. (*Id.* ¶ 73.)

## Standard of Review

On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, . . .unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

3

## Analysis

This court held a short telephonic hearing on the Defendants' Motion on January 19, 2017.  Present on the telephone call were Bonnie Travaglio Hunt on behalf of the Plaintiff, Josh Dixon on behalf of the College and John A. Cordray, and Emmanuel Ferguson on behalf of Warren Wurscher. On the record, Ms. Hunt stated unequivocally that the Plaintiff was not pursuing claims against the College under 42 U.S.C. §§ 1981 and 1983.  The Plaintiff's Response to the Motion to Dismiss, at least in part, makes a similar statement. (*See* Dkt. No. 22 at 10.)  Therefore, this court recommends that the Motion For Partial Dismissal Pursuant to the Doctrine of Sovereign Immunity and Rule 12(b)(6) be granted as to the 42 U.S.C. §§ 1981 and 1983 claims against the College in all three causes of action. (Dkt. No. 17.)

Defendant Cordray moves to dismiss all claims against him. (Dkt. No. 17.)  The Complaint alleges that Defendant Cordray is liable under 42 U.S.C. §§ 1981 & 1983 for a hostile work environment and for discrimination based on the Plaintiff's race. (Dkt. No. 1 ¶¶ 84-111.) Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must "state a claim to relief that is plausible on its face" to survive a motion to dismiss.  *Id.*  A "complaint's factual allegations must allow a 'court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015), *cert. denied*, 136 S. Ct. 1162, 194 L. Ed. 2d 176 (2016) (quoting *Iqbal*, 556 U.S. at 678). "The complaint must provide enough specificity to 'give the defendant fair notice of what

the plaintiff's claim is.'" *Pringle v. City of Charleston Police Dep't*, No. C/A 2:06-cv-3295-PMD, 2007 WL 295629, at *5 (D.S.C. Jan. 29, 2007) (quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 168, (1993) (internal quotation omitted)).

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); *see also Gomez v. Toledo*, 446 U.S. 635, 540 (1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Section 1981 states that "[a]ll persons…shall have the same right…to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981.

The doctrines of vicarious liability and *respondeat superior* are generally not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-29 (4th Cir. 1977); *see also Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978) (holding "that a municipality cannot be held liable *solely* because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"). A claim against a state actor's supervisor exists under § 1983 when,

> a state actor's supervisor (1) has "actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) the supervisor's response to this knowledge was "so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there is an "affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff."

5

*Doe v. Rosa*, No. 2:14-4396-RMG, 2016 WL 7496162, at *4 (D.S.C. Feb. 8, 2016), *aff'd,* No. 16-1256, 2016 WL 6543452 (4th Cir. Nov. 4, 2016) (quoting *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014)).

The Plaintiff has failed to sufficiently state a claim against Defendant Cordray in his Complaint. The Complaint contains the following allegations regarding Defendant Cordray quoted by the paragraph number:

> 6. The Defendant, John A. Cordray is a resident of South Carolina and is subject ot [sic] the laws of the State of South Carolina.
>
> 15. "John Cordray, Director of Engineering, told me Mr. Wurscher was deciding official for the employee selected to the vacant position." [quoting an alleged portion of the Plaintiff's EEOC Charge]
>
> 25. John. A. Cordray is the Director of the Physical Plant.
>
> 44. The Plaintiff submitted his first complaint regarding hostile work environment discrimination in October of 2013. The Plaintiff submitted the complaint to the Director of Engineering and Office of Human Relations and Minority Affiars, College of Charleston.
>
> 76. That the [sic] Defendant Wurscher and Cordray discriminated against the Plaintiff in violation of federal law.

(Dkt. No. 1.)

The Complaint fails to give Defendant Cordray notice of any claim against him. "To state a plausible claim of discrimination, a plaintiff is 'required to allege facts to satisfy the elements of a cause of action created by that statute.'" *Parker v. Ciena Corp.*, No. WDQ-14-4036, 2016 WL 153035, at *4 (D. Md. Jan. 12, 2016), *reconsideration denied*, No. GLR-14-4036, 2016 WL 2851446 (D. Md. May 13, 2016) (quoting *McCleary-Evans,* 780 F.3d at 585.) A naked claim of discrimination that does not allege facts sufficient to state a basis for the claim does not satisfy the requirements of *Iqbal*. *McCleary-Evans*, 780 F.3d 585-86. The Complaint does not allege that Defendant Cordray undertook any discriminatory acts against the Plaintiff. The Complaint

6

does not allege that Defendant Cordray in any way participated in the alleged hostile work environment. The Plaintiff merely makes the blanket allegation that Defendant Cordray discriminated against him. Such an allegation is not sufficient.

As to Defendant Cordray's liability as a supervisor, the Plaintiff has failed to allege any actionable claim. The Plaintiff has not stated any action or omission by Defendant Cordray as a state actor's supervisor. Additionally, the Plaintiff has not alleged any link between Defendant Cordray's actions or inaction and the acts of the other Defendants. The sole allegation in the Complaint is that the Plaintiff submitted a complaint to Defendant Cordray in October of 2013. (Dkt. No. 1 ¶44.) The Complaint does not allege sufficient facts to place Defendant Cordray on notice of any plausible claim against him. Therefore, this court recommends that the Motion For Partial Dismissal Pursuant to the Doctrine of Sovereign Immunity and Rule 12(b)(6) be granted as to the 42 U.S.C. §§ 1981 and 1983 claims against Defendant Cordray. (Dkt. No. 17.)

## Recommendation

Accordingly, the Magistrate Judge **RECOMMENDS** that Defendants College of Charleston and John A. Cordray's Motion For Partial Dismissal Pursuant to the Doctrine of Sovereign Immunity and Rule 12(b)(6) (Dkt. No. 17) be **GRANTED.**

**IT IS SO RECOMMENDED.**

January 20, 2017

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).