IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Frederick R. Fortner ) | Case No 2:15-cv-4762-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| College of Charleston, Warren Wurscher, ) | |
| and John A. Cordray, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge recommending that the Court grant Defendants College of Charleston and John A. Cordray's motion for partial dismissal. This Court adopts the R. & R. as the order of the court and dismisses all claims against the College of Charleston and John A. Cordray.

## I. Background

Frederick R. Fortner ("Plaintiff") filed this action in November 2015. (Dkt. No. 1.) In February 2016, Plaintiff filed an amended complaint alleging that he was the victim of discrimination, was subjected to a hostile work environment, and was denied a promotion in retaliation for his complaints about the hostile work environment. (Dkt. No. 13.) The amended complaint contained 1) hostile work environment claims against all defendants under 42 U.S.C. § 1981 and 42 U.S.C. § 1983; 2) race discrimination claims against all defendants under 42 U.S.C. § 1981 and 42 U.S.C. § 1983; and 3) retaliation claims against the College of Charleston under Title VII, 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

In March 2016, Defendants College of Charleston and John A. Cordray filed a motion for partial dismissal based on the doctrine of sovereign immunity and Rule 12(b)(6). (Dkt. No. 17.) Plaintiff filed a response to the motion to dismiss in April 2016, and Defendants filed a reply

-1-

shortly thereafter. (Dkt. Nos. 22, 27.) On January 19, 2017, the Magistrate Judge held a telephone conference with the parties about Defendants' motion to dismiss. (Dkt. No. 34.) The Magistrate Judge issued an R. & R. the next day recommending that this Court grant Defendants' motion for partial dismissal. (Dkt. No. 35.) Plaintiff filed his objections to the R. & R. on January 27, 2017, and Defendants College of Charleston and John A. Cordray filed a reply on February 3, 2017. (Dkt. Nos. 36, 37.)

## II.     Facts

This Court adopts the facts as outlined in the R. & R. (Dkt. No. 35 at 1-3) so summarizes the most relevant ones only briefly here. Plaintiff, a black male, was hired by the College of Charleston in 2008 as a Utilities Plant Operator. Defendant Warren Wurscher, the Plant Manager, was Plaintiff's immediate supervisor. Defendant John A. Cordray was the Director of the Physical Plant and Director of Engineering. Defendant Cordray was Defendant Wurscher's supervisor.

Plaintiff alleges that in 2011 Defendant Wurscher began to make racially inappropriate remarks in his presence, including use of the n-word and, on one occasion, the statement that "a black man can't do his job." Plaintiff also alleges that he witnessed Defendant Wurscher draw an inappropriate picture of an African American electrician during working hours. In October 2013, Plaintiff submitted a hostile work environment complaint to the Director of Engineering (Defendant Cordray) and the Office of Human Relations and Minority Affairs at the College of Charleston; no action was taken. Plaintiff, who had received positive performance reviews in each of 2010, 2011, and 2013, received a performance evaluation on January 11, 2015 that was poorer than he expected. He reported to the College of Charleston his belief that his lower

evaluation was given in direct retaliation for his hostile work environment complaints. The College of Charleston did not take any action.

Plaintiff applied for a promotion to Trades Specialist IV in late 2014 or early 2015. Plaintiff alleges that Defendant Wurscher sabotaged his interview and that the position was given to a white male with less experience and less licensure. Plaintiff submitted a formal complaint to the College of Charleston alleging discrimination and retaliation which he says the College failed to address.

### III. Legal Standard

Under Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, this Court must "take all of the factual allegations in the complaint as true." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept legal conclusions, "unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Giarratano*, 521 F.3d at 298).

### IV. Discussion

Plaintiff has conceded that he is not pursuing claims against the College of Charleston under 42 U.S.C. §§ 1981 and 1983. (Dkt. No. 35 at 4; Dkt. No. 22 at 10.) For this reason, the Court will dismiss all claims against the College of Charleston.

Plaintiff has alleged that Defendant Cordray is liable under 42 U.S.C. §§ 1981 and 1983 for creating a hostile work environment and racial discrimination. This Court finds that the Magistrate Judge has provided a thorough explanation as to why each of Plaintiff's claims against John A. Cordray should be dismissed. Plaintiff has not stated a claim against Defendant

Cordray in his individual capacity because he has not sufficiently alleged that Defendant Cordray personally contributed to a hostile work environment or personally discriminated against Plaintiff. Plaintiff has likewise failed to state a claim against Defendant Cordray in his supervisory capacity because he has not sufficiently alleged that Defendant Cordray had actual or constructive knowledge that one of his subordinates was creating a pervasive and unreasonable risk of constitutional injury.

## V.   Plaintiff's Objections to the R. & R.

This Court reviews *de novo* any part of the R. & R. to which there has been proper objection. Fed. R. Civ. P. 72(b)(2). Plaintiff argues in his objections to the R. & R. that the Magistrate Judge failed to attribute his general allegations about failures by "management" to Mr. Cordray who was part of management. (Dkt. No. 36 at 4-5.) Plaintiff asserts that paragraph 37 of his Complaint establishes claims against management and, in turn, Mr. Cordray. That paragraph reads:

> [D]ue to the comments and offensive environment the Plaintiff stated on his response to his evaluation that the managers and leadership should have further EEO and diversity training. Specifically, "ensure that supervisors and managers are provided leadership and diversity training. Their understanding of the benefits and rewards of a diverse workforce helps create a supportive work environment that enhances the potential of all employees. Emphasize existing quality of work life as effective policies that advance the interest of a diverse workforce."

(Dkt. No. 13 at 5.)

The recommendations Plaintiff made about leadership and diversity training in response to his evaluation are insufficient to state a claim against Defendant Cordray personally or in his supervisory capacity. As is the case with Plaintiff's other allegations against Mr. Cordray, the allegations in this paragraph do not show that the Mr. Cordray 1) personally participated in the creation of a hostile work environment or discriminated against plaintiff or 2) had knowledge of

-5-

actions that created a pervasive and unreasonable risk of constitutional injury. The Court finds that the other general allegations about "management" in the Complaint are insufficient to state a claim against Mr. Cordray for the same reasons.

## VI. Conclusion

For the reasons stated above, Plaintiff's claims against the College of Charleston and John A. Cordray are **DISMISSED**. This Order does not involve the claims against Defendant Wurscher.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 8, 2017
Charleston, South Carolina